1

# Thimesch Law Offices

TIMOTHY S. THIMESCH, Esq. (No. 148213)

2  MICHELLE L. THIMESCH, Esq. (No. 140591)
JAMES A. KAESTNER, Esq. (No. 143179)

3  171 Front Street, Suite 102
Danville, CA 94526-3321

4  Telephone: (925) 855-8235

5  Attorneys for Plaintiff
CONNIE ARNOLD

6

7

8                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

9

10  CONNIE ARNOLD,                    CASE NO. _____
                                     Civil Rights

11          Plaintiff,

12  v.                               **COMPLAINT FOR INJUNCTIVE RELIEF
                                     AND DAMAGES:** DENIAL OF CIVIL

13  BURGER KING CORPORATION;         RIGHTS OF A DISABLED PERSON IN
    SYDRAN FOOD SERVICES, L.P.;      VIOLATION OF THE AMERICANS WITH

14  SYDRAN, INC.; SYDRAN             DISABILITIES ACT, AND IN
    SERVICES, LLC; LO FONG; DOE 1    VIOLATION OF CALIFORNIA'S

15  TRUST; MALL PARKING LOT OWNER    DISABLED RIGHTS STATUTES
    DOE 2; and DOES 3 through 50,

16  Inclusive,                       **DEMAND FOR JURY TRIAL**

17          Defendants.              [Proper Intradistrict
                                      Assignment Civil L.R. § 3-2:

18                                    San Jose]

19  _____ /

20      Plaintiff CONNIE ARNOLD, on behalf of herself and other

21  similarly situated disabled persons, hereby complains of

22  defendants BURGER KING CORPORATION, a Florida Corporation;

23  SYDRAN FOOD SERVICES, L.P., a California Limited Partnership;

24  SYDRAN, INC., a California Corporation, formerly known as Sydran

25  Services, Inc., and as the general partner of Sydran Food

26  Services, L.P.; SYDRAN SERVICES, LLC, a Nevada Limited Liability

27  Company; LO FONG, Individually and As Trustee of the Doe 1

28  Trust; DOE TRUST 1; MALL PARKING LOT OWNER DOE 2; and DOES 3

**Complaint for Injunctive Relief and Damages**

1   through 50, Inclusive (hereafter "defendants"), and demands a

2   trial by jury, and alleges as follows:

3

4   **INTRODUCTION**

5          1.   Defendant Burger King Corporation is the second

6   largest fast food chain in the world with sales in 2001

7   approaching $11.2 billion.  Defendant Sydran Services, LLC was

8   founded in 1992.  Starting with 14 restaurants, and following a

9   growth formula of acquisition and development, Sydran now ranks

10  among the top 10 franchise companies in the United States.  It

11  is also one of the "largest holders of Burger King Franchises,"

12  with over 264 restaurants, 12,000 employees, and annualized

13  sales in excess of $325 million.  According to the company's web

14  site, it "continues to pursue ambitious goals for grown and

15  diversification," which includes "a ten year development

16  agreement with Burger King Corporation to develop stores across

17  the country."  Sydran states that it "is one of the fastest

18  growing restaurant companies in the country."

19         2.   Among its holdings, Sydran owns, operates and

20  leases the subject Burger King Restaurant, company restaurant

21  number 00975, located at or near 175 West Calaveras Boulevard,

22  in Milpitas, Santa Clara County.  On information and belief,

23  Burger King Corporation is a co-owner and master lessor of the

24  property.

25         3.   The restaurant is totally inaccessible to

26  disabled persons.  This is a suit to require the owner-operator-

27  leasing defendants to make the restaurant accessible and usable

28  by disabled person.  Defendants maintain barriers at their

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 2 —

1   parking, paths of travel, entrances, dining tables, service and

2   condiment counters, patio, and, most humiliatingly, the public

3   restrooms, that are inaccessible to physically disabled persons

4   who use wheelchairs, including plaintiff Connie Arnold.

5          4.   Construction alterations carried out at this

6   facility triggered access requirements under California law, as

7   well as under the requirements of the Americans With

8   Disabilities Act of 1990.  As described hereinbelow, plaintiff

9   seeks injunctive relief to require that the subject Burger King

10  Restaurant which she visited and was unable to enter and use on

11  a full and equal basis, be made accessible to disabled persons

12  to meet the requirements of both California law and the

13  Americans With Disabilities Act of 1990.  Plaintiff also seeks

14  damages for violation of her Civil Rights, from the day that she

15  visited this Burger King Restaurant until such date as

16  defendants bring its public facilities into full compliance with

17  the requirements of California and federal law.

18

19  **JURISDICTION AND VENUE**

20         5.   This Court has jurisdiction of this action

21  pursuant to 28 U.S.C. 1331 for violations of the Americans with

22  Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to

23  pendant jurisdiction, attendant and related causes of action,

24  arising from the same facts, are also brought under California

25  law, including but not limited to violations of California

26  Health & Safety Code Sections 19955 *et seq*., including Section

27  19959; Title 24 California Code of Regulations; and California

28  Civil Code Sections 54 and 54.1 *et seq*.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 3 —

1      6.   Venue is proper in this court pursuant to

2  28 U.S.C. 1391(b) and is founded on the fact that the real

3  property which is the subject of this action is located in this

4  district and that plaintiff's causes of action arose in this

5  district.

6      7.   **Intradistrict Jurisdiction.**   Under Local Rule

7  3-2(d), this case should be assigned to the San Jose

8  intradistrict as the real property that is the subject of this

9  action is located in the San Jose intradistrict and plaintiff's

10  causes of action arose in the San Jose intradistrict (a property

11  located in Santa Clara County).

12

13  **PARTIES**

14      8.   Plaintiff Connie Arnold is a qualified

15  "physically handicapped" or "physically disabled" person, and

16  requires the use of a wheelchair for mobility.  Plaintiff is

17  informed and believes that each of the defendants herein,

18  including DOE TRUST 1, MALL PARKING LOT OWNER DOE 2, and DOES 3

19  through 50, inclusive, is the owner, constructive owner,

20  beneficial owner, trust, trustee, agent, ostensible agent, alter

21  ego, master, servant, employer, employee, representative,

22  franchiser, franchisee, joint venturer, partner, associate,

23  parent company, subsidiary, department, representative, or such

24  similar capacity, of each of the other defendants, and was at

25  all times acting and performing, or failing to act or perform,

26  within the course and scope of his, her or its authority as

27  owner, constructive owner, beneficial owner, agent, trust,

28  trustee, ostensible agent, alter ego, master, servant, employer,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 4 —

1    employee, representative, franchiser, franchisee, joint

2    venturer, partner, associate, parent company, subsidiary,

3    department, representative, or such similar capacity, and with

4    the authorization, consent, permission or ratification of each

5    of the other defendants, and is responsible in some manner for

6    the acts and omissions of the other defendants in proximately

7    causing the violations and damages complained of herein, and

8    have approved or ratified each of the acts or omissions of each

9    other defendant, as herein described.  Plaintiff will seek leave

10   to amend when the true names, capacities, connections, and

11   responsibilities of defendants BURGER KING CORPORATION; SYDRAN

12   FOOD SERVICES, L.P.; SYDRAN, INC.; SYDRAN SERVICES, INC.; SYDRAN

13   SERVICES, LLC; LO FONG; DOE TRUST 1, MALL PARKING LOT OWNER DOE

14   2, and DOES 3 through 50, inclusive, are ascertained.

15             9.    Plaintiff alleges on information and belief that

16   at all relevant times, defendants BURGER KING CORPORATION;

17   SYDRAN FOOD SERVICES, L.P.; SYDRAN, INC.; SYDRAN SERVICES, INC.;

18   SYDRAN SERVICES, LLC; LO FONG; DOE TRUST 1; MALL PARKING LOT

19   OWNER DOE 2; and DOES 3 through 50, Inclusive, were and are the

20   owners, operators, lessors and/or lessees of the public

21   accommodation located at or near Assessor's Parcel Number 022-

22   25-040, also know as Burger King Restaurant, located at or near

23   175 West Calaveras Blvd., Milpitas, California.  On information

24   and belief, defendants have a lease arrangement with the

25   adjacent shopping mall permitting Burger King customers to use

26   the mall's immediately-adjacent parking facilities while

27   patronizing the restaurant.

28             10.   The facilities of this business, including its

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                — 5 —

1   entrance, its interior and exterior paths of travel, its service

2   counter facilities, its dining facilities, and its public

3   restrooms, and other public facilities and amenities are each a

4   "public accommodation or facility" subject to the requirements

5   of California Health & Safety Code Sections 19955 et seq. and of

6   the California Civil Code Sections 54, 54.1, and 54.3.  At all

7   times relevant to this complaint, defendants have held these

8   facilities open to public use.  Such facilities also constitute

9   "public accommodations" or "commercial facilities" subject to

10  the requirements of Sections 302 and 303 of the Americans with

11  Disabilities Act of 1990.

12

13  **FACTUAL STATEMENT**

14      11.  Defendants are required by law to provide

15  accessible facilities on each occasion that "alterations,

16  structural repairs or additions" were performed to such

17  facilities pursuant to legal standards then in effect, per

18  Section 19959 of the Health & Safety Code, and under Section 303

19  of the Americans With Disabilities Act (which governs "new

20  construction" and "alterations").

21      12.  On information and belief, each such facility

22  has, since July 1, 1970, been newly constructed, and/or

23  undergone "alterations, structural repairs, and additions," each

24  of which has subjected the Burger King Restaurant and its public

25  facilities to disabled access requirements of Section 19959

26  Health & Safety Code, Title 24 of the California Code of

27  Regulations, and/or, for such work occurring since January 26,

28  1992, to the requirements of Section 303 of the Americans With

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 6 —

1    Disabilities Act.

2        13.  On Memorial Day weekend and while on a trip to

3    her brother's home in Sunnyvale, California, plaintiff and her

4    mother stopped for a bite to eat at the subject Burger King in

5    Milpitas.  Upon arriving in plaintiff's handicap-lift equipped

6    van, they discovered that the designated "accessible" parking

7    space serving the restaurant was too small for plaintiff to

8    safely park and exit the vehicle.  The space was not van

9    accessible and it had a raised concrete curb and garden bed

10   adjacent to the accessible parking crosshatch zone.  As a

11   result, plaintiff had to park near the drive-thru on at end-

12   space where nobody could park next to her van and thereby

13   obstruct the operation of the lift.

14       14.  Because of the inaccessible location of the

15   parking facilities, and the absence of an accessible route,

16   plaintiff was forced to proceed behind parked cars to reach to

17   the entrance.  She was also forced to cross the path of travel,

18   and proceed partly along, drive thru aisle.  This was a

19   particularly hazardous condition, with a blind spot for cars

20   leaving the drive thru, which defendants apparently recognized

21   through a "Do Not Enter" sign posted in this location.  The path

22   of travel lacked a pedestrian crosswalk and ground detection.

23       15.  Upon trying to enter the restaurant, plaintiff

24   discovered that the door was far too heavy for her to operate

25   and obviously exceeded the maximum door pressure permitted by

26   code.  Consequently, plaintiff had to wait until another

27   customer could open the door for plaintiff (i.e., during a brief

28   period that she was separated from her mother).  Once inside the

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 7 —

1   restaurant, plaintiff encountered an inaccessible que line

2   fronting an inaccessibly high counter.  The order counter was at

3   near head-height for plaintiff.  As a result, the counter clerk

4   handed plaintiff's change to plaintiff's mother because the

5   clerk couldn't easily reach plaintiff.  While attempting to

6   retrieve her receipt within the exit line, plaintiff struck a

7   pole obstructing the path of travel from this area, injuring her

8   foot, to her damage.

9        16.  Cups were provided for their drinks obtainable

10  from a self-serve counter.  However, the counter was too high

11  for plaintiff, plus the metal barrier posed an obstacle in

12  trying to access the counter.  Unable to help her mother with

13  the drinks, plaintiff left to locate a table.

14       17.  Unable to find an accessible table within the

15  entire restaurant or the patio (all tables where obstructed by

16  partitions, pre-attached seats, or seating areas that obstructed

17  the path of travel through the restaurant), plaintiff was forced

18  to sit near the rear exit at a table that had fixed seats around

19  it.  She sat on the one end where she hoped to avoid blocking

20  any aisles with her chair.

21       18.  After her meal, plaintiff needed to use the

22  restroom.  Plaintiff went to enter and open the women's restroom

23  door, but the wall behind her prevented her from opening the

24  door by herself, so she backed out.  This wall separated the

25  restroom entrance from interior restaurant seating, and it was

26  only a barrier for the women's restroom entrance since the men's

27  restroom had no wall barrier.  Plaintiff backed up and asked her

28  mother to open the door for her.  Plaintiff's mother was behind

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages        — 8 —

1    her as plaintiff entered the first door only to find a narrow

2    hall and another door that opened towards her.  Plaintiff was

3    forced to back out again with her mother's assistance, who held

4    the door open.  Next, plaintiff was forced, with much

5    difficulty, to try and fit her chair fit inside the vestibule

6    between doors, being careful not run over her mother's toes.

7    The vestibule was hazardous and would have posed a certain trap

8    had plaintiff not had her mother's assistance.

9         19.  Upon entering the restroom, plaintiff discovered

10   that the room lacked the necessary turning radius for plaintiff

11   to maneuver safely in and out of the restroom.  The women's

12   stall located to the right was far too narrow for plaintiff's

13   use, and totally lacked side transfer space.  The stall didn't

14   even have a rear grab bar.  The stall faced another totally

15   inaccessible stall.  A large round toilet paper dispenser was

16   mounted above the left grab bar obstructing the bar's use.  The

17   sanitary toilet seat cover dispenser was mounted behind the

18   toilet in a location plaintiff could not reach.

19        20.  Since there was no room inside the stall for a

20   side transfer, plaintiff's wheelchair stuck out the stall door.

21   Plaintiff's mother had to help her pivot all the way around to

22   use the facilities, to plaintiff's strain and bodily injury.

23   Further, plaintiff was left in the humiliating position of using

24   the facilities with the stall door hanging wide open.  Plaintiff

25   was embarrassed needing so much help from her mother, and

26   humiliated by having to use the facility while exposed.

27        21.  Afterward, plaintiff exited the restaurant

28   through a side door.  An angled wrought iron fence obstructed

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                           — 9 —

1   the swing of the heavy exit door, preventing its full opening

2   and plaintiff's safe exit.  The configuration of the

3   restaurant's exterior paths of travel once again forced

4   plaintiff to use the drive-thru aisle to reach her parked

5   vehicle.

6       22.  On information and belief, other barriers to

7   disabled access at the Burger King Restaurant that defendants

8   were required to remove under state and federal law continue to

9   exist, and include, but are not limited to, inaccessible and

10  improperly signed and configured parking, an inaccessible

11  entrance, inaccessible public telephone facilities, inaccessible

12  service counter facilities, inaccessible dining facilities,

13  inaccessible patio facilities, inaccessible restroom, and

14  inaccessible paths of travel throughout the restaurant.

15      23.  As a result of defendants' denial of legally

16  required access to disabled persons and the lack of access on

17  such occasion when plaintiff attempted to use the Burger King

18  Restaurant, plaintiff Connie Arnold suffered a loss of her Civil

19  Rights and her rights as a disabled person to full and equal

20  access to public facilities, suffered severe physical strain and

21  exhaustion from attempting to negotiate barriers, suffered

22  severe physical pain and discomfort, was humiliated and suffered

23  mental and emotional distress and statutory damages, all to her

24  damages as prayed hereinafter in an amount with the jurisdiction

25  of this court.

26      24.  Defendants' denial of access has caused plaintiff

27  to suffer physical, psychological, and emotional injuries,

28  including but not limited to humiliation, frustration and anger,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 10 —

1  and deprived her independence, self-sufficiency and autonomy.

2  Plaintiff would like to return and use the subject Burger King

3  Restaurant on a spontaneous, but full and equal basis.  However,

4  she is prevented from doing so by defendants' failure and refusal

5  to provide disabled persons like plaintiff with "full and equal

6  access" to the Burger King Restaurant facilities.  Defendants'

7  actions and omissions have caused her physical, mental and

8  emotional distress, and violation of her Civil Rights, all to her

9  damages.

10          25.  On information and belief, a number of facilities

11  in the building have been remodeled during the statutory period

12  since July 1, 1970, triggering accessible "path of travel"

13  requirements to each area of alteration, which includes, but is

14  not limited to, accessible public sanitary facilities and a path

15  of travel, complying with ADA and Title 24 standards.  On

16  information and belief, defendants have not complied with these

17  legal obligations.

18          26.  The "removal" of each of these barriers to use by

19  disabled persons was "readily achievable" under the standards of

20  Section 301(9) of the Americans With Disabilities Act of 1990

21  [42 U.S.C. 12181] at all times herein relevant.  Section 303 of

22  the ADA [42 U.S.C. 12183] and California law also required the

23  removal of all such barriers upon performance of "alterations."

24          27.  On information and belief, defendants continue to

25  the present date to deny "full and equal access" to plaintiff

26  and to all other disabled persons, in violation of California

27  law, including Health & Safety Code Sections 19955 *et seq.*,

28  Civil Code Sections 54 and 54.1, and Title 24 of the California

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**          — 11 —

1   Code of Regulations (a.k.a. California Building Code).   Further,

2   such denial of access to disabled persons also violates the

3   requirements of Title III of the federal Americans With

4   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

5   §§ 12181 et seq.] (Hereinafter also called the "ADA").

6

7                     **FIRST CAUSE OF ACTION:**
8   **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

9         28.   Plaintiff repleads and incorporates by reference,

10  as if fully set forth again herein, the allegations contained in

11  Paragraphs 1 through 27, above.

12        29.   Plaintiff Connie Arnold was and is at all times

13  relative to this complaint a "physically disabled" person or

14  "physically handicapped" person under standards as defined by

15  all California statutes using these terms.   Plaintiff is also an

16  "individual with a disability" as defined by Section 54(b) Civil

17  Code, as well as Section 3(2) of the ADA.   Each violation of the

18  ADA, as plead hereinafter, is incorporated by reference as a

19  separate violation of Sections 54(c) and 54.1(d) California

20  Civil Code.

21        30.   Health & Safety Code Section 19955 provides in

22  pertinent part:

23        (a) The purpose of this part is to insure that public
          accommodations or facilities constructed in this state with
24        private funds adhere to the provisions of Chapter 7
          (commencing with § 4450) of Division 5 of Title 1 of the
25        Government Code.  For the purposes of this part "public
          accommodation or facilities" means a building, structure,
26        facility, complex, or improved area which is used by the
          general public and shall include auditoriums, hospitals,
27        theaters, restaurants, hotels, motels, stadiums, and
          conventions centers.

28

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

31.   Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

32.   Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the subject Burger King Restaurant were constructed and/or altered after July 1, 1970, and portions of the subject building were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970.  Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

33.   Pursuant to the authority delegated by Government Code Section 4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions.  Effective January 1, 1982, Title 24 of the California Administrative Code adopted the California State Architect's Regulations and these regulations must be complied with as to any modifications of the subject building occurring after that date.  Any alterations of the building after January 1, 1982 required compliance with the Title 24 regulations then in effect, including that an

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 13 —

1   accessible path of travel leading to such facility from the

2   adjoining parking facilities.  Prior to 1982, similar

3   requirements were incorporated into the law from the American

4   Standards Association.  On information and belief, one or more

5   of the constructions of and alterations upon and modifications

6   of the subject facilities occurred during the period of time

7   that sections of the Health and Safety Code have provided that

8   all buildings and facilities used by the public must conform to

9   each of the standards and specifications described in the

10  American Standards Association Specifications, and as to

11  alterations occurring after January 1, 1982, to the standards of

12  Title 24, the State Architect's Regulations.

13       34.   Plaintiff Connie Arnold is informed and believes

14  and therefore alleges that defendants, and their predecessors in

15  interest as owners, operators and/or lessors of the subject

16  public accommodation (for which the defendants as current

17  owners, operators and/or lessors of the building are

18  responsible), and each of them caused the subject property to be

19  constructed, altered and maintained in such a manner that

20  physically disabled persons were denied full and equal access

21  to, within and throughout said facilities, and full and equal

22  use of said building.  Further, on information and belief,

23  defendants and each of them have continued to maintain and

24  operate such building and its facilities in such condition up to

25  the present time, despite actual and constructive notice to such

26  defendants, and each of them, that the configuration of the

27  building was in violation of the Civil Rights of disabled

28  persons, such as plaintiff Connie Arnold.  Such construction,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 14 —

1  modification, ownership, operation, maintenance and practices of

2  such a public facility is in violation of law as stated in Part

3  5.5, Sections 19955ff Health and Safety Code, Sections 54 and

4  54.1, et seq., Civil Code, and elsewhere in the laws of

5  California.

6       35.  On information and belief, the subject building

7  and the defendants and each of them have denied full and equal

8  access to disabled persons in other respects due to non-

9  compliance with requirements of Title 24 of the California Code

10 of Regulations, and of other provisions of disabled access legal

11 requirements.  Additionally, maintaining the barriers specified

12 in this complaint is independently a violation of both Title 24

13 of the California Building Code, and of Sections 54 and 54.1

14 Civil Code and their guarantee of "full and equal" access to all

15 public facilities (as pled in the second cause of action, and

16 also repled and incorporated herein by reference, as if fully

17 restated hereafter), in conjunction with Section 19955ff, per

18 James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

19      36.  Injunctive Relief - The acts and omissions of

20 defendants as complained of continue on a day-to-day basis to

21 have the effect of allowing defendants to wrongfully exclude

22 plaintiff, and other similarly situated members of the public

23 who are physically disabled, from full and equal access to the

24 subject Burger King Restaurant.  Such acts and omissions are the

25 continuing cause of humiliation and mental and emotional

26 suffering to plaintiff and other similarly situated persons in

27 that these actions treat them as inferior and second class

28 citizens and serve to discriminate against them, so long as

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**    — 15 —

1  defendants do not provide a properly accessible, safe and equal

2  use of such facilities.  Said acts have proximately caused and

3  will continue to cause irreparable injury to plaintiff and other

4  similarly situated persons if not enjoined by this court.

5       37.  Plaintiff seeks injunctive relief, pursuant to

6  Section 19953 Health and Safety Code and Section 55 Civil Code,

7  prohibiting those of the defendants that currently own, operate,

8  and/or lease (from or to) the subject Burger King Restaurant,

9  from maintaining architectural barriers to the use by disabled

10  persons of public accommodations and facilities, in violation of

11  Part 5.5, Sections 19955ff Health and Safety Code.  Plaintiff

12  seeks to require such defendants to create safe and properly

13  accessible facilities.

14       38.  Attorneys' Fees - As a result of defendants' acts

15  and omissions in this regard, plaintiff has been required to

16  incur legal expenses and hire attorneys in order to enforce

17  plaintiff's rights and that of other similarly situated persons,

18  and to enforce provisions of the law protecting access for the

19  disabled, and prohibiting discrimination against the disabled,

20  and to take such action both in her own interest and in order to

21  enforce an important right affecting the public interest.

22  Plaintiff therefore seeks recovery of all reasonable attorneys'

23  fees, litigation expenses and costs incurred, pursuant to the

24  provisions of Section 1021.5 of the Code of Civil Procedure.

25  Plaintiff additionally seeks attorneys' fees and costs pursuant

26  to Section 19953 Health and Safety Code.

27       WHEREFORE, plaintiff prays for relief as hereinafter

28  stated.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages     — 16 —

1

**SECOND CAUSE OF ACTION:**
**VIOLATION OF DISABLED RIGHTS ACT,**

2

**CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**
**DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

3

4       39.   Plaintiff repleads and incorporates by reference,

5   as if fully set forth again herein, the allegations contained in

6   paragraphs 1 through 38, above.

7       40.   At all times relevant to this action, California

8   Civil Code Sections 54 and 54.1 have provided that physically

9   disabled persons are not to be discriminated against because of

10  physical handicap or disability.   Section 54 Civil Code

11  provides:

12       Individuals with disabilities shall have the same
         right as the general public to the full and free use of the

13       streets, highways, sidewalks, walkways, public buildings,
         public facilities, including hospitals, clinics, and

14       physicians' offices, public facilities, and other public
         places.

15

16  Section 54.1 Civil Code provides that:

17       (a)(1) Individuals with disabilities shall be entitled
         to full and equal access, as other members of the general

18       public, to accommodations, advantages, facilities, medical
         facilities...  and privileges of all common carriers,

19       airplanes, motor vehicles... or any other public
         conveyances or modes of transportation...  hotels, lodging

20       places, places of public accommodation and amusement or
         resort, and other places to which the general public is

21       invited, subject only to the conditions or limitations
         established by law, or state or federal regulations, and

22       applicable alike to all other persons.

23       41.   California Civil Code Section 54.3 provides that

24  any person or corporation who denies or interferes with

25  admittance to or enjoyment of the public facilities as specified

26  in Section 54 and 54.1 Civil Code is liable for EACH such

27  offense for the actual damages and any amount up to a maximum of

28  three times the amount of actual damages but in no case less

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 17 —

1    than $1,000 and such attorneys' fees that may be determined by

2    the Court in addition thereto, suffered by any person denied any

3    of the rights provided in Sections 54 and 54.1, for services

4    necessary to enforce those rights.

5          42.   As a result of the refusal by defendants and each

6    of them to comply with statutory requirements or otherwise

7    provide reasonable access for disabled persons to the subject

8    public facilities, plaintiff Connie Arnold, and other similarly

9    situated persons, were denied and continue to be denied their

10   rights to full and equal access to, and use of, public

11   facilities, and were and continue to be discriminated against on

12   the sole basis that they are physically disabled and unable to

13   make full and equal use of the facilities.  Defendants' acts

14   have caused plaintiff physical and psychological injury and

15   pain, including fatigue, stress and strain in attempts to

16   negotiate barriers, and emotional distress and general damages.

17         43.   Plaintiff is a person within the meaning of Civil

18   Code Sections 54 and 54.1 whose rights have been infringed upon

19   and violated by the defendants.  Plaintiff has been denied full

20   and equal access on a day-to-day basis since her initial visit

21   of on or about May 24, 2003, on each day in which full and equal

22   access to such facility was denied and continuously deterred.

23   On information and belief, defendants have failed to act to

24   provide full and equal public access to their subject Burger

25   King Restaurant, and continue to operate in violation of the law

26   and continue to discriminate against physically disabled persons

27   by failing to allow access to their building, and make

28   reasonable modifications in policy respecting servicing the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 18 —

1    disabled who cannot enter or use facilities on a full and equal

2    basis.

3            44.   At all times since plaintiff's initial visit to

4    the subject Burger King Restaurant of on or about May 24, 2003,

5    and on information and belief for periods prior to this date,

6    defendants were on notice of the requirements of the law

7    relating to provision for full and equal disabled access.

8    Especially as defendants were on full notice, each day that

9    defendants have continued to deny access to disabled persons

10   constitutes a new and distinct violation of plaintiff's right to

11   full and equal access to this public facility, in violation of

12   Sections 54 and 54.1, et seq. Civil Code.   In the event of a

13   default judgment against any particular defendant, plaintiff

14   will seek an injunction requiring provision of accessible

15   parking facilities, paths of travel, accessible public telephone

16   facilities, accessible entrance facilities, accessible service

17   counter facilities, accessible dining facilities, accessible

18   dining patio facilities, accessible circulation throughout the

19   restaurant, and accessible restroom facilities (all as

20   identified in paragraphs 13 through 22), plus daily damages of

21   $1,000 per day from the date of plaintiff's visit to the subject

22   Burger King Restaurant on or about May 24, 2003, plus reasonable

23   attorneys' fees, litigation expenses and costs as set by the

24   court, until it is brought into full compliance with state and

25   federal access laws protecting the rights of the disabled.

26           45.   Further, any violation of the Americans With

27   Disabilities Act of 1990 (as pled in the Third Cause of Action

28   hereinbelow, the contents of which are repled and incorporated

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 19 —

1    herein, word for word, as if separately repled), also

2    constitutes a violation of Section 54(c) and Section 54.1(d)

3    California Civil Code, thus independently justifying an award of

4    damages and injunctive relief pursuant to California law on this

5    basis, including but not limited to Civil Code Sections 54.3 and

6    55.

7            46.   Punitive Damages, § 3294 Civil Code - The actions

8    of defendants, and each of them, over the period of time prior

9    to and since the dates of plaintiff's visit of May 24, 2003,

10   have been despicable and willful, and done in conscious

11   disregard and complete indifference of the rights of disabled

12   persons and of the public, and have been oppressive, and have

13   evidenced actual or implied malicious intent toward those

14   members of the public such as plaintiff, who, without

15   justification, and in violation of the law, have been denied

16   full and equal access to this public facility.  Plaintiff prays

17   for an award of punitive damages against said defendants and

18   each of them pursuant to Section 3294 Civil Code in an amount

19   sufficient to make a profound example of defendants and

20   discourage others from discrimination and/or the conscious

21   disregard for the rights and safety of disabled persons.

22   Plaintiff does not know the financial worth of such defendants

23   or the amount of punitive damages sufficient to accomplish the

24   public purposes of Section 3294 Civil Code and seeks appropriate

25   damages according to proof.

26           47.   As a further basis for punitive damages,

27   plaintiff alleges that defendants either ignored, or failed to

28   act upon, specific complaints made to defendants, and plaintiff

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 20 —

1    is further informed and believes that prior to her visit pled

2    above, and after such visit, defendants, and each of them, had

3    been notified that disabled persons had complained of and/or

4    previously suffered similar denials of full and equal access,

5    similar to that complained of herein.  Despite being informed of

6    such effect on disabled persons and the manner in which their

7    practices and lack of accessible facilities would continue to

8    discriminate against disabled persons on a day-by-day basis,

9    said defendants knowingly and willfully failed to provide

10   disabled accessible facilities and services, and have refused to

11   act to rectify this situation and provide full and equal access

12   for disabled persons up to the date of the filing of this

13   Complaint.  Said conduct with knowledge of the effect it was

14   having on physically disabled persons constituted and continues

15   to constitute intentional and/or despicable conduct in willful

16   and conscious disregard of the rights of plaintiff and of other

17   similarly situated disabled persons, justifying the imposition

18   of punitive and exemplary damages per Section 3294 Civil Code.

19        48.  Plaintiff has been damaged by defendants'

20   wrongful conduct and seeks the relief that is afforded by

21   Sections 54.1, 54.3 and 55 of the Civil Code.  Plaintiff seeks

22   actual damages, and statutory and treble damages against

23   defendants for all periods of time mentioned herein, as well as,

24   punitive damages.  As to those of the defendants that currently

25   own, operate, and/or lease (from or to) the subject Burger King

26   Restaurant, plaintiff seeks preliminary and permanent injunctive

27   relief to enjoin and eliminate the discriminatory practices and

28   barriers that deny equal access for disabled persons, and for

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                     — 21 —

1   reasonable attorneys' fees.

2        49.   WHEREFORE, plaintiff asks this Court to enjoin

3   any continuing refusal by the defendants that currently own,

4   operate, and or lease (from or to) the subject Burger King

5   Restaurant, to grant such access to plaintiff and other

6   similarly situated disabled persons, or alternatively to enjoin

7   operation of the subject Burger King Restaurant as a public

8   accommodation until such defendants comply with all applicable

9   statutory requirements relating to access to physically disabled

10  persons, and that the Court award statutory attorneys' fees,

11  litigation expenses and costs pursuant to Civil Code Section 55,

12  Code of Civil Procedure Section 1021.5, and Health & Safety Code

13  Section 19953, and as further prayed for herein.

14       WHEREFORE, plaintiff prays for damages and injunctive

15  relief as hereinafter stated.

16

17              **THIRD CAUSE OF ACTION:**
    **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
18                  **42 USC §§ 12101ff**

19       50.   Plaintiff repleads and incorporates by reference,

20  as if fully set forth again herein, the factual allegations

21  contained in Paragraphs 1 through 49, above.

22       51.   Pursuant to law, in 1990 the United States

23  Congress made findings per 42 U.S.C. Section 12101 regarding

24  physically disabled persons, finding that laws were needed to

25  more fully protect "some 43 million Americans with one or more

26  physical or mental disabilities;" that "historically society has

27  tended to isolate and segregate individuals with disabilities;"

28  that "such forms of discrimination against individuals with

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 22 —

1   disabilities continue to be a serious and pervasive social

2   problem;" that "the Nation's proper goals regarding individuals

3   with disabilities are to assure equality of opportunity, full

4   participation, independent living and economic self sufficiency

5   for such individuals;" and that "the continuing existence of

6   unfair and unnecessary discrimination and prejudice denies

7   people with disabilities the opportunity to compete on an equal

8   basis and to pursue those opportunities for which our free

9   society is justifiably famous..."

10          52.   Congress stated as its purpose in passing the

11   Americans with Disabilities Act (42 USC § 12101(b)):

12          It is the purpose of this act —

13          (1) to provide a clear and comprehensive national
        mandate for the elimination of discrimination against
14        individuals with disabilities;

15          (2) to provide clear, strong, consistent, enforceable
        standards addressing discrimination against individuals
16        with disabilities;

17          (3) to ensure that the Federal government plays a
        central role in enforcing the standards established in this
18        act on behalf of individuals with disabilities; and

19          (4) to invoke the sweep of Congressional authority,
        including the power to enforce the 14th Amendment and to
20        regulate commerce, in order to address the major areas of
        discrimination faced day to day by people with
21        disabilities.   (Emphasis added)

22          53.   As part of the Americans with Disabilities Act,

23   Public Law 101-336, (hereinafter the "ADA"), Congress passed

24   "Title III - Public Accommodations and Services Operated by

25   Private Entities" (42 U.S.C 12181ff).  Among "private entities"

26   which are considered "public accommodations" for purposes of

27   this title are a for purposes of this title are Among the public

28   accommodations identified for purposes of this title were "a

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 23 —

1   restaurant, bar, or other establishment serving food or drink"

2   (§§ 301(7)(B) [42 U.S.C. 12181].)

3          54.   Pursuant to Section 302 [42 U.S.C 12182], "[n]o

4   individual shall be discriminated against on the basis of

5   disability in the full and equal enjoyment of the goods,

6   services, facilities, privileges, advantages, or accommodations

7   of any place of public accommodation by any person who owns,

8   leases, or leases to, or operates a place of public

9   accommodation."

10         55.   Among the general prohibitions of discrimination

11  included in Section 302(b)(1)(A) are the following:

12         § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It
       shall be discriminatory to subject an individual or class
13     of individuals on the basis of a disability or disabilities
       of such individual or class, directly, or through
14     contractual, licensing, or other arrangements, to a denial
       of the opportunity of the individual or class to
15     participate in or benefit from the goods, services,
       facilities, privileges, advantages, or accommodations of an
16     entity."

17         § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT —
       It shall be discriminatory to afford an individual or class
18     of individuals, on the basis of a disability or disabilities
       of such individual or class, directly, or through
19     contractual, licensing, or other arrangements with the
       opportunity to participate in or benefit from a good,
20     service, facility, privilege, advantage, or accommodation
       that is not equal to that afforded to other individuals."

21
           § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be
22     discriminatory to provide an individual or class of
       individuals, on the basis of a disability or disabilities
23     of such individual or class, directly, or through
       contractual, licensing, or other arrangements with a good,
24     service, facility, privilege, advantage, or accommodation
       that is different or separate from that provided to other
25     individuals, unless such action is necessary to provide the
       individual or class of individuals with a good, service,
26     facility, privilege, advantage, or accommodation, or other
       opportunity that is as effective as that provided to
27     others."

28

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                — 24 —

56.    Among the specific prohibitions against discrimination in the ADA include the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...  where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

57.    The removal of <u>each</u> of the barriers complained of by plaintiff Connie Arnold as hereinabove alleged (i.e., in paragraphs 13 through 22, above) were — at all times on or after January 26, 1992 — "readily achievable."

58.    Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages                    — 25 —

59.   Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

60.   "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a facility or part thereof that was altered after the effective date of Section 303 of the ADA in such a manner as to affect or that could affect the usability of the facility or part thereof by persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C. 12183), also includes the failure of an entity "to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities." On information and belief, the subject building constitutes a "commercial facility," and defendants have, since the date of enactment of the ADA, performed alterations (including alterations to areas of primary function) to the subject building, and its facilities, public

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages          — 26 —

accommodations, and commercial facilities, which fail to provide facilities and paths of travel to such areas that are readily accessible to and usable by individuals with disabilities, in violation of Section 303(a)(2), and the regulations promulgated thereunder, 28 CFR Part 36ff.

61.   Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308, plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of Sections 302 and 303.  On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation since plaintiff Connie Arnold's visit of on or about May 24, 2003. Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

62.   As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                     — 27 —

1   seeks recovery of all reasonable attorneys' fees, litigation

2   expenses (including expert fees) and costs, pursuant to the

3   provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

4   Department of Justice's regulations for enforcement of Title III

5   of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit

6   is intended not only to obtain compensation for damages to

7   plaintiff, but also to require the defendants to make their

8   facilities accessible to all disabled members of the public,

9   justifying "public interest" attorneys' fees pursuant to the

10   provisions of California Code of Civil Procedure Section 1021.5.

11       WHEREFORE, plaintiff prays that this Court grant

12   relief as hereinafter stated:

13

14              **FOURTH CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**

15   **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

16       63.  Plaintiff repleads and incorporates by reference,

17   as if fully set forth again herein, the allegations contained in

18   Paragraphs 1 through 62 of this complaint and incorporates them

19   herein as if separately repled.

20       64.  Each violation of the Americans With Disabilities

21   Act of 1990, as complained of in the Third Causes of Action

22   hereinabove (the contents of which causes of action have been

23   incorporated herein as if separately repled), is also a

24   violation of section 54(c) and section 54.1(d) California Civil

25   Code, further and independently justifying damages, injunctive

26   relief, and other statutory relief per sections 54.3 and 55

27   California Civil Code, all as previously pled.

28       65.  Defendants' conduct was despicable and in

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

— 28 —

1  "conscious disregard" for the rights and safety of plaintiff and

2  other disabled persons.  Plaintiff hereby incorporates by

3  reference, as if fully repled hereafter, the punitive damage

4  allegations of paragraphs 46 and 47.

5       66.  As a result of defendants' acts and omissions in

6  this regard, plaintiff has been required to incur legal expenses

7  and attorney fees, as provided by statute, in order to enforce

8  plaintiff's rights and to enforce provisions of the law

9  protecting access for disabled persons and prohibiting

10  discrimination against disabled persons.  Plaintiff therefore

11  seeks recovery of all reasonable attorneys' fees, litigation

12  expenses (including expert fees) and costs, pursuant to the

13  provisions of Section 55 of the Civil Code.  Additionally,

14  plaintiff's lawsuit is intended not only to obtain compensation

15  for damages to plaintiff, but also to require the defendants to

16  make their facilities accessible to all disabled members of the

17  public, justifying "public interest" attorneys' fees pursuant to

18  the provisions of California Code of Civil Procedure Section

19  1021.5.

20       WHEREFORE, plaintiff prays for damages and injunctive

21  relief as hereinafter stated.

22

### FIFTH CAUSE OF ACTION:
**DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

25       67.  Plaintiff repleads and incorporates by reference,

26  as if fully set forth again herein, the allegations contained in

27  Paragraphs 1 through 66 of this complaint and incorporates them

28  herein as if separately repled.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 29 —

1       68.   Each violation of the Americans With Disabilities

2  Act of 1990, as complained of in the Third Causes of Action

3  hereinabove (the contents of which causes of action have been

4  incorporated herein as if separately repled), is also a

5  violation of section 51(f) of the Unruh Civil Rights Act,

6  further and independently justifying damages of $4,000 per

7  offense, injunctive relief, and other statutory relief per

8  sections 52 and common law decision.

9       69.   Defendants' conduct was despicable and in

10  "conscious disregard" for the rights and safety of plaintiff and

11  other disabled persons.  Plaintiff hereby incorporates by

12  reference, as if fully repled hereafter, the punitive damage

13  allegations of paragraphs 46 and 47.

14       70.   As a result of defendants' acts and omissions in

15  this regard, plaintiff has been required to incur legal expenses

16  and attorney fees, as provided by statute, in order to enforce

17  plaintiff's rights and to enforce provisions of the law

18  protecting access for disabled persons and prohibiting

19  discrimination against disabled persons.  Plaintiff therefore

20  seeks recovery of all reasonable attorneys' fees, litigation

21  expenses (including expert fees) and costs, pursuant to the

22  provisions of Section 52 of the Civil Code.  Additionally,

23  plaintiff's lawsuit is intended not only to obtain compensation

24  for damages to plaintiff, but also to require the defendants to

25  make their facilities accessible to all disabled members of the

26  public, justifying "public interest" attorneys' fees pursuant to

27  the provisions of California Code of Civil Procedure Section

28  1021.5.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages    — 30 —

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**
**UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**
**PROTECTING THE RIGHTS OF DISABLED PERSONS**

71.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 70 of this complaint and incorporate them herein as if separately repled.

72.   On a yearly basis, the defendants are engaged in the business of providing fast food restaurant services and facilities at the Burger King Restaurant throughout the year.

73.   Commencing within three years of the date of the original complaint filed in this action, the defendants have committed acts of unfair competition, as defined by Business and Professions Code section 17200, by providing facilities that are inaccessible to the disabled members of the general public, including, but not limited to the acts facilities listed in paragraphs 13 through 22, above, all in violation of standards of sections 54 and 54.1 et seq. Civil Code; Title 24 of the California Administrative Code; sections 4450-4456 Government Code; sections 19952, 19953 and 19955-19959 Health & Safety Code; Title III of the Americans With Disabilities Act of 1990; and the Americans With Disabilities Act Access Guidelines.

74.   The acts and practices of the defendants are likely to continue and therefore will continue to mislead to mislead the general public as to the true cost of providing the specified goods and services and their expected availability to members of the public with physical disabilities pursuant to law.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages — 31 —

1    75.  As a direct and proximate result of the

2  defendants' conduct, defendants have received and continue to

3  receive unfair profits that rightfully belong to members of

4  general public who have been adversely affected by defendants'

5  conduct, such as plaintiff.

6    76.  Plaintiff has no adequate remedy at law, and

7  unless the relief requested herein is granted, plaintiff will

8  suffer irreparable harm in that she will continue to be

9  discriminated against and denied access to the specified public

10  facilities.  Because plaintiff seeks improvement of access for

11  persons with disabilities, which will benefit a significant

12  portion of the public, plaintiff seeks attorneys' fees pursuant

13  to sections 52, 54.3 and 55 Civil Code, section 1021.5 Code of

14  Civil Procedure, section 19953 Health & Safety Code, and section

15  505 of the Americans with Disabilities Act.

16    77.  Defendants' conduct was despicable and in

17  "conscious disregard" for the rights and safety of plaintiff and

18  other disabled persons.  Plaintiff hereby incorporates by

19  reference, as if fully repled hereafter, the punitive damage

20  allegations of paragraphs 46 and 47.

21    Wherefore, plaintiff prays that the court grant relief

22  as requested hereinbelow.

23

24                   **SEVENTH CAUSE OF ACTION:**
                **VIOLATION OF GOVERNMENT CODE SECTION 12948**

25

26    78.  Plaintiff repleads and incorporates by reference,

27  as if fully set forth again herein, the factual allegations

28  contained in paragraphs 1 through 77 of this complaint and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                    — 32 —

1   incorporate them herein as if separately repled.

2          79.   Defendants' actions are in violation of

3   Government Code Section 12948, and the corresponding Civil Code

4   Sections 51, 54, and 54.1.

5          80.   Plaintiff seeks injunctive relief, statutory and

6   compensatory damages, punitive damages, and attorneys fees under

7   the FEHA.

8          Wherefore, plaintiff prays that the court grant relief

9   as requested hereinbelow.

10

11                    **EIGHTH CAUSE OF ACTION:**
    **NEGLIGENCE PER SE IN INJURING PLAINTIFF DUE TO VIOLATIONS OF**
12  **STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE**
                **INDIFFERENCE TO THE CERTAIN RESULT**
13

14         81.   Plaintiff repleads and incorporates by reference,

15  as if fully set forth again herein, the factual allegations

16  contained in paragraphs 1 through 80 of this complaint and

17  incorporate them herein as if separately repled.

18         82.   Plaintiff incorporates by reference all prayers

19  for relief related to plaintiff's damages.

20         83.   Defendants' actions, as previously pled,

21  constitute negligence per se, as they constitute violations of

22  state and federal laws protecting the rights and safety of

23  disabled persons such as plaintiff.

24         84.   Defendants' conduct was despicable and done in

25  "conscious disregard" and with "complete indifference" for the

26  rights and safety of plaintiff and other disabled persons,

27  including plaintiff, and the certainty that their rights and

28  safety would be violated.   Therefore, plaintiff hereby

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

1   incorporates by reference, as if fully repled hereafter, the

2   punitive damage allegations of paragraphs 46 and 47.

3       Wherefore, plaintiff prays that the court grant relief

4   as requested hereinbelow.

5

6   **<u>PRAYER</u>**

7       WHEREFORE, plaintiff prays for an award and relief as

8   follows:

9       1.   That those of the defendants that currently own,

10  operate, and or lease (from or to) the subject Burger King

11  Restaurant and its facilities be preliminarily and permanently

12  enjoined from operating and maintaining these public facilities

13  as public accommodations and commercial facilities, so long as

14  disabled persons are not provided full and equal access to the

15  accommodations and facilities, in violation of provided by

16  Sections 54, 54.1, and 55 et seq., of the Civil Code, Sections

17  19955 et seq. Health & Safety Code, Sections 4450, et seq.

18  Government Code, the American Standard Specifications (A117.1-

19  1961), or such other standards, including those of the State

20  Architect's Regulations for Handicapped Access, as found in

21  Title 24 of the California Code of Regulations or other

22  regulations as are currently required by law; and that

23  defendants be ordered to come into compliance with the Americans

24  with Disabilities Act of 1990, including an order that those of

25  the defendants that currently own, operate, and/or lease (from

26  or to) the subject Burger King Restaurant, <u>inter</u> <u>alia</u>, "alter

27  the subject facilities to make such facilities readily

28  accessible to and usable by individuals with disabilities," and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**

— 34 —

1    institute reasonable modifications in policies and practices,

2    per Section 308 of Public Law 101-336 (the ADA);

3         2.   General, compensatory, and statutory damages, and

4    all damages as afforded by Civil Code Sections 54.3, including

5    treble damages, for each violation and each day on which

6    defendants have denied to plaintiff equal access for the

7    disabled, commencing on the date plaintiff's initial visit of

8    May 24, 2003, according to proof.

9         3.   General, compensatory, and statutory damages, and

10   all damages as afforded by Civil Code Sections 52, including

11   treble damages, for each violation and each day on which

12   defendants have denied to plaintiff equal access for the

13   disabled under Title III of the ADA, commencing on the date

14   plaintiff's initial visit of May 24, 2003, according to proof.

15        4.   A permanent injunction pursuant to Business and

16   Professions Code section 17203 restraining and enjoining the

17   defendants from continuing the acts of unfair competition set

18   forth above;

19        5.   During the pendency of this action, a preliminary

20   injunction issue pursuant to Business and Professions Code

21   section 17203 to enjoin and restrain defendants from the acts of

22   unfair competition set forth above;

23        6.   Defendants be ordered to restore to the public

24   all funds acquired by the acts of unfair competition set forth

25   above pursuant to Business and Professions Code section 17203;

26        7.   Attorney's fees, litigation expenses and costs

27   pursuant to Sections 54.3 and 55 of the Civil Code,

28   Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

**Complaint for Injunctive Relief and Damages**                              — 35 —

1  Procedure, and Section 505 of the ADA;

2       8.   Punitive damages pursuant to Section 3294 Civil

3  Code;

4       9.   For all costs of suit;

5       10.  Prejudgment interest pursuant to Section 3291 of

6  the Civil Code;

7       11.  Such other and further relief as the Court deems

8  just and proper.

9

10  Dated: June 20, 2003　　　**Thimesch Law Offices**

                       TIMOTHY S. THIMESCH

11

12

13                         Attorneys for Plaintiff

14                         CONNIE ARNOLD

15

16  **DEMAND FOR JURY TRIAL**

17       Plaintiff hereby demands a jury for all claims for

18  which a jury is permitted.

19

20

21  Dated: June 20, 2003

22                         By: TIMOTHY S. THIMESCH

                       Attorneys for Plaintiff

23

24

25

26

27

28

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
925.855.8235

Complaint for Injunctive Relief and Damages